UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

KEITH MITAN,

    Appellant,

v.

COLLENE K. CORCORAN,

    Appellee.
_____/

Case No. 07-14020
Honorable Patrick J. Duggan

Ch. 7 Case No. 03-31410

## OPINION AND ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 19, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Appellant's motion for reconsideration, filed February 22, 2008. In his motion, Appellant challenges this Court's February 12, 2008 opinion and order rejecting Appellant's appeal of the bankruptcy court's decisions to award sanctions against him. Appellant contends that this Court erred in failing to consider one of the issue that he raised to challenge the bankruptcy court's order– that the bankruptcy court determined an amount of sanctions without Appellee submitting

documentation to substantiate the costs and attorney's fees she had incurred. With the Court's permission, Appellee filed a response to the motion for reconsideration on March 7, 2008.

Appellant cites no binding authority that requires a party to submit documentation to substantiate the sanctions sought as an award under Federal Bankruptcy Court Rule 9011. In fact, neither Rule 9011 nor Federal Rule of Civil Procedure 11 set forth such a requirement. In support of his claim that Bankruptcy Court Judge Daniel S. Opperman erred in awarding sanctions without substantiating documentation, Appellant only cites *Mohammed v. Union Carbide Corporation*, 606 F. Supp. 252 (E.D. Mich. 1985). In *Mohammed*, however, the court simply indicated that the attorney "*should have* submitted an itemized statement" in support of the attorney's fees and costs requested as sanctions under Federal Rule of Civil Procedure 11. *Id*. at 262 (emphasis added). Moreover, the district court in that case did not cite any rule or case law to support its statement that an itemized statement should have filed.

As relevant here, Bankruptcy Rule 9011 provides only the following with respect to the limitations on the nature of the sanctions that may be imposed for a violation of the rule:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

FED. R. BANK. P. 9011(c)(2). It is clear from the transcript of the March 6, 2007 hearing in the bankruptcy court that Judge Opperman imposed sanctions against Appellant in the amount of $25,000 because he found that amount necessary and appropriate to deter Appellant's inappropriate conduct in the future. (Appellant's Mot., Ex. D at 45-50.) At the hearing, Appellee's attorney represented to the bankruptcy court that he had accrued over $45,000 in fees through the end of January. (*Id*. at 22.) Those fees are not rendered unreasonable simply because Appellee did not submit substantiating documentation.

This Court therefore finds no error in its February 12, 2008 decision affirming the bankruptcy court's award of sanctions.

Accordingly,

**IT IS ORDERED,** that Appellant's motion for reconsideration is **DENIED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Thomas J. Budzynski, Esq.
Keith J. Mitan, Esq.